U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 30 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIAS MUNOZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4934-P |
| | § | |
| CRAZY FISH INCORPORATED, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is Plaintiff Elias Munoz's Motion for Conditional Class Certification (the "Motion"), filed on February 12, 2014. Docs. 8, 8-1. Defendants Crazy Fish Incorporated, doing business as The Blue Fish Japanese Restaurant, and Alexander Lee (collectively "Defendants") filed their Response on March 5, 2014. Docs. 11, 12. Munoz filed a Reply on March 26, 2014. Docs. 17, 17-1. After reviewing the briefing, the evidence, and the applicable law, the Court GRANTS Munoz's Motion for Conditional Class Certification to the extent that it includes sushi chefs employed at the North Texas Blue Fish location at any time since December 19, 2010 who worked over forty hours in at least one week and did not receive overtime compensation.

### I. Background

Plaintiff Elias Munoz ("Munoz") is a former employee of Defendants. Doc. 1 at 2. Blue Fish is a restaurant that serves Japanese cuisine and has six different locations in Texas, all of

which employ sushi chefs.[1] Doc. 1 at 3. Munoz was employed by Defendants at the North Texas Blue Fish location for nine years as a sushi chef. Doc. 1 at 3.

Munoz alleges that his job title while with Crazy Fish was "Sushi Chef" and that there were about eight other employees with the same job duties at the North Texas Blue Fish location at any given time. Doc. 8 at 8. Conversely, Defendants allege that Munoz was a "Mid-Level" sushi chef and that even though other sushi chefs were employed at the North Texas location, Munoz was the only Mid-Level sushi chef "[a]t all times relevant to this lawsuit." Doc. 11 at 7-8.

According to Defendants, Munoz was terminated from employment with Crazy Fish in December 2013 due to "complaints from Restaurant customers and co-workers." Doc. 11 at 8. On December 19, 2013, Munoz, individually and on behalf of similarly situated employees, filed his complaint alleging that Defendants have failed to compensate its employees for overtime work in violation of the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 *et seq.*; Doc. 1. Munoz filed his Motion seeking to notify a group of potential plaintiffs of the pending action so that they may "opt-in" and join the collective lawsuit pursuant to 29 U.S.C. § 216(b). Defendants oppose the Motion.

II. **Legal Standard & Analysis**

A. **Standard**

According to 29 U.S.C. § 216(b), an employee may bring a claim for overtime wages under the FLSA on "behalf of himself ... and other employees similarly situated." The statute also stipulates that "no employee shall be a party plaintiff to any such action unless he gives his

---

[1] In their Response to Plaintiff's Motion for Conditional Class Certification and in the Declaration of Alexander Lee, Defendants assert that Lee owns only the North Texas location. Doc. 11 at 6; Doc. 12 at 4. However, the Court need not determine whether Lee owns any of the other Blue Fish locations at this time.

3:13-CV-4934-P
Page 2 of 6

consent in writing to become such a party." 29 U.S.C. § 216(b). District courts have the discretion, in appropriate cases, to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs of their right to opt-in to the suit. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). This notice is not mandatory; the relevant inquiry in each particular case is whether it would be appropriate to exercise such discretion. *Clark v. City of Fort Worth*, 800 F. Supp. 2d 776, 778 (N.D. Tex. 2011). A court should only conditionally certify a class and order notice if the potential plaintiffs are similarly situated with the named plaintiff. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

The Fifth Circuit has reviewed two methodologies used by courts to determine whether the potential plaintiffs are similarly situated with the named plaintiff. *Id.* The prevailing analysis used by the Northern District of Texas, is the two-step approach first used by the court in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g., Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 705 (N.D. Tex. 2008).

In the first stage of the *Lusardi* test, the Court inquires as to whether the Plaintiff has provided sufficient evidence that similarly situated plaintiffs exist. *Oliver v. Aegis Commc'n Group, Inc.*, Civil Action No. 3:08-CV-828-K, 2008 WL 748391, at *2 (N.D. Tex. October 30, 2008). At this stage, a court ordinarily possesses "minimal evidence" and applies a lenient standard in determining whether to conditionally certify. *Mooney*, 54 F.3d at 1214. Where the parties have had time to conduct discovery on the certification, the standard is more stringent. *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004). The second step of the *Lusardi* test typically involves a motion for decertification brought by the Defendant after notice, time for opting-in, and discovery have taken place. *Id.* If the Court finds that the class is no longer made up of similarly situated persons, it may decertify the class. *Id.* at

1213-14. The Court will use the first stage of the *Lusardi* test in this case because notice, time for opting-in, and discovery have not yet taken place.

### B. Analysis

Munoz moves for conditional class certification to allow other similarly situated sushi chefs to participate in this lawsuit against Defendants. Doc. 8. In support of his Motion, Munoz alleges that he worked about sixty hours a week and never received overtime pay. Doc. 3 at 3-4; Doc. 8-1 at 1-2. He claims that there are other similarly situated sushi chefs who also did not receive overtime pay that would be interested in joining this lawsuit. Doc. 8-1 at 2-3. Defendants argue that Munoz has failed to present sufficient evidence to show that a group of similarly situated potential plaintiffs exists. Doc. 11. The Court finds that Munoz has provided sufficient evidence that similarly situated sushi chefs exist at the North Texas Blue Fish location.

A plaintiff seeking to certify a collective action holds the burden to show not only that there are other similarly situated employees but also that these employees would opt-in to the lawsuit. *Songer*, 569 F. Supp. 2d at 706-07. During the first stage of the *Lusardi* test, the plaintiff must substantially allege that the potential class members fell victim to a single discriminatory decision, policy, or plan enacted by the defendants. *Mooney*, 54 F.3d at 1214 n. 8. To determine whether the plaintiff has met his burden, courts have considered factors such as: (1) whether the potential plaintiffs who would opt-in to the lawsuit are identified, (2) whether the plaintiff produced affidavits of those members, and (3) whether the plaintiff alleged sufficient facts to show evidence of a widespread plan of discrimination. *See H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999); *Clark*, 800 F. Supp. 2d at 779-80; *Oliver*, 2008 WL 7483891 at *3. As Munoz points out, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not

from any generally applicable rule, policy, or practice." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007).

Munoz has sufficiently satisfied the lenient *Lusardi* standard by showing the plausibility of a widespread plan at the North Texas location. In his affidavit, he states that at any given time there were about eight other "Sushi Chefs who had the same job duties as" he did, all of whom did not receive overtime pay. Doc. 8-1 at 2. He also stated that he knew the other sushi chefs at his location worked about "sixty hours per week because [they] worked together." Doc. 8-1 at 2. These facts, taken as true, make it plausible that there are other similarly situated sushi chefs at the North Texas location.[2] It is reasonable that Munoz would know the hours and job responsibilities of the other chefs and whether they received overtime pay, even if he did not work the same hours as they did, because he worked near to and communicated with these other sushi chefs. Since Munoz was able to show the plausibility of a widespread plan and the presence of other similarly situated sushi chefs who would be interested in joining this suit, the Court will GRANT Munoz's Motion for Conditional Class Certification to extend to similarly situated sushi chefs at the North Texas Blue Fish location.[3]

### III.   Conclusion

For the foregoing reasons, the Court GRANTS Munoz's Motion for Conditional Class Certification to the extent that it includes sushi chefs employed at the North Texas Blue Fish

---

[2] In his affidavit, Munoz asserts that there are similarly situated sushi chefs at other Blue Fish locations that would like to join this suit. Doc. 8-1 at 1. However, while Munoz has personal knowledge of the sushi chefs' hours and responsibilities at the North Texas Blue Fish location, he does not establish any such foundation for the sushi chefs at the other Blue Fish locations. Rather, he merely makes conclusory assertions about the sushi chefs at the other locations. Thus, the Court cannot extend conditional class certification to sushi chefs at other locations.

[3] In their Response to Plaintiff's Motion for Conditional Class Certification, Defendants correctly assert that 29 U.S.C. § 255(a) requires a potential class member's cause of action to be within two years of the suit's commencement unless the alleged violation was willful. 29 U.S.C. § 255(a). Since this is a motion for conditional class certification and not an analysis on the merits, the Court does not yet address the statute of limitations issue.

location at any time since December 19, 2010 who worked over forty hours in at least one week and did not receive overtime compensation.

**IT IS SO ORDERED.**

Signed this 30th day of June, 2014.

*/s/ Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE